UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDDIE ERVIN, JR.        **DEMAND FOR JURY TRIAL**
    Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.,
an Ohio corporation, and
ENHANCED RECOVERY COMPANY, LLC,
a Delaware company,
    Defendants.
_____

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, FREDDIE ERVIN, JR., THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for his Complaint against the Defendants, plead as follows:

### JURISDICTION

1. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]) and against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA").

## VENUE

2. The transactions and occurrences which give rise to this action occurred in Macomb County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in Warren, Macomb County, Michigan.

5. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc., ("Experian") which is an Ohio corporation that conducts business in the state of Michigan; and

    b. Enhanced Recovery Company, LLC ("Enhanced Recovery Company") is a Delaware limited liability company that conducts business in the state of Michigan.

## GENERAL ALLEGATIONS

6. Enhanced Recovery Company is incorrectly reporting its trade line ("Errant Trade Line") on Mr. Ervin's Experian credit report.

7. The Errant Trade Line does not belong to Mr. Ervin, as his credit files were mismerged with someone with a similar name or social security number.

8. Further, Mr. Ervin has never done business with the listed creditor, Sprint.

9. On August 24, 2017, Mr. Ervin obtained his Experian credit file and noticed Enhanced Recovery Company reporting the Errant Trade Line.

10. On or about September 19, 2017, Mr. Ervin submitted a letter to Experian disputing the Errant Trade Line.

11. Upon information and belief, Experian forwarded Mr. Ervin's consumer dispute to Enhanced Recovery Company.

12. Mr. Ervin did not receive Experian's investigation results, so on December 19, 2017, he obtained his Experian credit file which showed that Enhanced Recovery Company continued to report the Errant Trade Line.

13. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY ENHANCED COMPANY

14. Plaintiff reincorporates the preceding allegations by reference.

15. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

16. Mr. Ervin is a "consumer" for purposes of the FDCPA and the account at issue in this case is a consumer debt.

17. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

18. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(8) by communicating credit information which is known or which should be known to be false. Defendant violated this provision of the FDCPA when it continued to falsely report the trade line on Plaintiff's credit files after having received Plaintiff's dispute.

19. Mr. Ervin has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS THAT THIS COURT** grant him damages plus costs, interest and attorneys' fees as provided by the Fair Debt Collection Practices Act.

## COUNT II

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ENHANCED RECOVERY COMPANY

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by Experian of Mr. Ervin's consumer dispute to the Errant Trade Line, Enhanced Recovery Company negligently failed to conduct a proper investigation of Mr. Ervin's dispute as required by 15 USC 1681s-2(b).

22. Enhanced Recovery Company negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to remove the Errant Trade Line from Mr. Ervin's credit file.

23. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Ervin's consumer credit file with Experian to which it is reporting such trade line.

24. As a direct and proximate cause of Enhanced Recovery Company's negligent failure to perform its duties under the FCRA, Mr. Ervin has

suffered damages, mental anguish, suffering, humiliation and embarrassment.

25. Enhanced Recovery Company is liable to Mr. Ervin by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

26. Mr. Ervin has a private right of action to assert claims against Enhanced Recovery Company arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Enhanced Recovery Company for damages, costs, interest and attorneys' fees.

### COUNT III

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ENHANCED RECOVERY COMPANY

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by Experian that Mr. Ervin disputed the accuracy of the information it was providing, Enhanced Recovery Company willfully failed to conduct a proper reinvestigation of Mr. Ervin's dispute.

29. Enhanced Recovery Company willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

30. As a direct and proximate cause of Enhanced Recovery Company's willful failure to perform its respective duties under the FCRA, Mr. Ervin has suffered damages, mental anguish, suffering, humiliation and embarrassment.

31. Enhanced Recovery Company is liable to Mr. Ervin for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Enhanced Recovery Company for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT IV

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Ervin as that term is defined in 15 USC 1681a.

34. Such reports contained information about Mr. Ervin that was false, misleading and inaccurate.

35. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Ervin, in violation of 15 USC 1681e(b).

36. After receiving Mr. Ervin's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Ervin has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

38. Experian is liable to Mr. Ervin by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest and attorneys' fees.

## COUNT V

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Ervin as that term is defined in 15 USC 1681a.

41. Such reports contained information about Mr. Ervin that was false, misleading and inaccurate.

42. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Ervin, in violation of 15 USC 1681e(b).

43. After receiving Mr. Ervin's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Ervin has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

45. Experian is liable to Mr. Ervin by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

Dated: December 27, 2017   /s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
CARL SCHWARTZ (P70335)
MARK LINTON (P66503)
CREDIT REPAIR LAWYERS OF AMERICA
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@crlam.com